# Fluke *v.* Lang (et al.), Appellant.

*Evidence—Cross-examination—Harmless error—Appeals.*

1. Where a question put on cross-examination to a plaintiff is ruled out by the trial judge, but the substance of the question is answered in replies to other questions on the same cross-examination in such a way that no harm was done to plaintiff by the ruling, such ruling is not ground for reversal of the judgment.

*Practice, C. P.—Points for charge—Refusal of points—Trial—Discretion of court.*

2. Where a trial judge has affirmed a number of points for charge, and during plaintiff's closing address to the jury several other points are handed up, the judge is within his rights in refusing to answer such points, irrespective of any rule of court on the subject.

Argued February 8, 1926. Appeal, No. 66, Jan. T., 1926, by defendant, from judgment of C. P. Blair Co., March T., 1925, No. 509, on verdict for plaintiff, in case of R. E. Fluke et al., trading as J. B. Fluke & Sons, v. I. Lang and J. Saltzman, owners or reputed owners. Before Moschzisker, C. J., Frazer, Walling, Simpson and Schaffer, JJ. Affirmed.

Sci. fa. sur mechanic's lien. Before Baldrige, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff. Defendant, I. Lang, appealed.

*Errors assigned* were various instructions, quoting record.

*R. A. Henderson,* with him *Isaiah Scheeline* and *W. C. Fletcher,* for appellant.

*R. J. Puderbaugh,* for appellees.

PER CURIAM, March 15, 1926:

In all material respects, the evidence on the present record is the same as at the former trial, reviewed by us in Fluke et al. v. Lang et al., 283 Pa. 54, 59, where we ruled, inter alia, that the case was for the jury. This disposes of one of appellant's three questions involved.

A question put on cross-examination to one of the plaintiffs was ruled out by the trial judge, but the substance of this interrogatory was answered by the witness in reply to other questions, on the same cross-examination, in such a way that no harm was done to appellant by the ruling. This disposes of another of the questions involved.

The trial judge affirmed ten requests for charge submitted by the present appellant and properly refused one, which asked for binding instructions. Then, during plaintiffs' closing address to the jury, several other points were handed up, which the court refused to answer. This refusal was quite within the judge's right, irrespective of any printed court rule on the subject; and, in addition, we are not convinced that the failure to charge on these particular requests did defendants any substantial harm. This disposes of the last question involved.

The judgment is affirmed.